**UNITED STATES of America, Plaintiff-Appellant,**

**v.**

**John ANTON and Gregory Carlsen, Defendants-Appellees.**

**No. 80-1073.**

United States Court of Appeals, Seventh Circuit.

Argued June 13, 1980.

Decided July 29, 1980.*

* This appeal was originally decided by unreported order on July 29, 1980. See Circuit Rule 35. The Court has subsequently decided to issue the decision as an opinion.

Thomas P. Sullivan, U.S. Atty., Julian Solotorovsky, Asst. U.S. Atty., Chicago, Ill., for plaintiff–appellant.

Burton A. Gross, Chicago, Ill., for defendants–appellees.

Before FAIRCHILD, Chief Judge, WOOD, Circuit Judge, and LARSON, Senior District Judge.**

LARSON, Senior District Judge.

Defendant Anton's house was under surveillance as a potential illegal chemical laboratory. Drug Enforcement Agency officers presented an affidavit to a magistrate to establish probable cause for a search warrant. The magistrate found probable cause and issued the warrant. After the search of the house turned up quantities of MDA, a Schedule I controlled substance, Anton and his co–defendant Carlsen were arrested and charged with manufacturing an illegal drug. Anton made a pretrial motion to suppress the evidence gathered when the search warrant was executed. This motion was granted by the district court and the government appealed. We reverse.

The affiant here had been a Drug Enforcement Agent for over eight years, and had specialized in investigating clandestine drug laboratories for four years. The affidavit stated that agents had been conducting surveillance at Anton's house for about three months. During that time large amounts of chemicals were purchased and brought to the house. On some occasions the chemicals were bought under a fictitious name. The agents at times observed chemical containers being removed from the garage into the house, and the number of receptacles in the garage changed from time to time. Empty chemical containers were found in the trash. The affiant agent stated that in his experience the chemicals observed being taken to Anton's house could be used to manufacture MDA. An

** Senior District Judge Earl R. Larson, United States Senior District Judge for the District of Minnesota, sitting by designation.

agency chemist was shown the list of chemicals and confirmed that they could be used to make MDA. The chemist also told the agents that only one essential chemical for the manufacture of MDA was not included in the list.[1] Finally, the agent stated that no legitimate commercial or industrial activity appeared to be occurring at the residence.

Probable cause exists when it is reasonably believed that the evidence sought will aid in a particular apprehension or conviction for a particular offense and that the evidence is located in the place to be searched. Probable cause denotes more than mere suspicion, but does not require certainty. It might be said to exist if it is more likely than not that evidence of the illegal activity will be found on the premises to be searched. The agents believed probable cause existed and they submitted the facts supporting their belief to the required neutral magistrate. The magistrate agreed with the agents and issued the warrant. The magistrate's determination is entitled to some deference from a reviewing court. *See Spinelli v. United States,* 393 U.S. 410, 419, 89 S.Ct. 584, 590, 21 L.Ed.2d 637 (1969). In addition, because of the preference for warrants, a lesser showing may establish probable cause when a warrant is obtained than when a warrantless search is made. *See United States v. Ventresca,* 380 U.S. 102, 105–06, 85 S.Ct. 741, 744, 13 L.Ed.2d 684 (1965); *Aguilar v. Texas,* 378 U.S. 108, 111, 84 S.Ct. 1509, 1512, 12 L.Ed.2d 723 (1964); *Jones v. United States,* 362 U.S. 257, 270, 80 S.Ct. 725, 735, 4 L.Ed.2d 697 (1960).

A number of cases have been reported involving probable cause for a "drug laboratory" search. The district court relied on *United States v. Failla,* 343 F.Supp. 831 (W.D.N.Y.1972). That case involved a search pursuant to a warrantless arrest. The facts in that case are not comparable to the situation here. This Circuit has upheld search warrants based on similar facts in *United States v. Smith,* 499 F.2d 251 (7th Cir. 1974), and *United States v. Noreikis,* 481 F.2d 1177 (7th Cir. 1973), *cert. denied,* 415 U.S. 904, 94 S.Ct. 1398, 39 L.Ed.2d 461 (1974) (certiorari granted as to other defendants on another issue).

Here, large quantities of chemicals were being purchased, sometimes under a false name. Although some or all of these chemicals may have household uses, when several are bought at the same time a strong inference arises that they are being combined. When the possible combinations of these chemicals includes an end product which is an illegal substance, it is reasonable to infer that manufacture of such a substance is taking place. The empty containers and movement of various chemical pails raise an inference that the chemicals were being used. The fact that no legitimate business use of such large quantities of chemicals appeared to be taking place at Anton's residence further buttresses the probability that an illegal use was occurring. Probable cause did exist for the search and the district court wrongfully ordered the products of that search suppressed. The Order of the district court is therefore reversed.

1. Apparently this statement by the chemist is erroneous as there are two more chemicals which are necessary to make MDA. The district court found that this misstatement was unintentional.