**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Earnest H. CROSS, Diana Fleek and
Richard Denney,
Defendants-Appellants.**

**Nos. 86–1749, 86–1750 and 86–1759.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 3, 1986.

Decided April 2, 1987.

---

James H. Voyles, Ober, Symmes, Card-well, Voyles, Zahn, Dennis E. Zahn, Gregory A. Young, Howard, Stoehr, Klopin & Young, Robert W. Geddes, Hume, Smith, Geedes & Green, Indianapolis, Ind., for defendants-appellants.

Robert C. Perry, Asst. U.S. Atty., John Daniel Tinder, U.S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before CUMMINGS and CUDAHY, Circuit Judges, and MAROVITZ, Senior District Judge.*

MAROVITZ, Senior District Judge.

The appellants, Earnest H. Cross, Richard Denney and Diana Fleek were convicted after a jury trial on both counts of a two count indictment. Count I charged the appellants with conspiring, in violation of the federal conspiracy statute, 18 U.S.C. § 371, to willfully infringe the copyrights of various motion pictures for purposes of commercial advantage and private financial gain in violation of 17 U.S.C. § 506(a) and 18 U.S.C. § 2319(b)(2)(B). Count II charged the appellants with the substantive offense of criminal infringement of a copyright in violation of 17 U.S.C. § 506(a) and 18 U.S.C. § 2319(a) and (b)(2)(B). Cross was sentenced to a period of five years of incarceration on Count I and two years on Count II. Cross' sentence was imposed pursuant to 18 U.S.C. § 4205(c) and Cross was ordered to undergo a study by the Bureau of Prisons. Denney was sentenced to a period of two years incarceration on Count I and two years on Count II to be served concurrently with the sentence imposed on Count I. Pursuant to 18 U.S.C. § 3651, Denney was ordered to serve sixty days in a jail-type institution and the remainder of the sentence was suspended and Denney was placed on probation for the remainder of his sentence. Denney was also fined $10,000.00. Fleek was sentenced to a period of one year incarceration on Count I and one year on Count II to be served concurrently with the sentence imposed on Count I. Fleek's sentence was suspended and she was placed on probation for one year. As a condition of probation, Fleek was ordered to serve sixty days in a work-release institution.

## FACTS

In October of 1983 Cross and Denney opened a video store, Porky's Family Video. Cross and Denney were co-owners of Porky's. Fleek was employed as chief clerk. In addition, Fleek was Cross' live-in girlfriend.

Porky's initial stock of videocassettes came from several sources. Both new and used videocassettes were bought from distributors, liquidators and other store owners who were going out of business. Cross' mother gave them some videocassettes as gifts. Cross contributed his personal collection of three-hundred to three-hundred-fifty videocassettes. Another portion of the initial stock consisted of copies of videocassettes made by Cross in his apartment.

Porky's would place warning labels on both the inside and outside of the videocassettes' storage cases. These labels contained FBI warnings concerning the illegality of making unauthorized copies of videocassettes for commercial use. Denney testified that he initially thought that the warning applied only to renters of videocassettes and not to owners of videocassettes.

The videocassettes were kept in storage cases. For purposes of inventory control, a control number was placed on both the videocassette and its storage case. For example, if there were two copies of "Witness for the Prosecution," then one copy and its storage case might be labelled #1304–A and the other copy and its storage case would be labelled #1304–B. When a videocassette was rented, the salesperson would place the inventory number of the storage case on the rental invoice.

* The Honorable Abraham Lincoln Marovitz, Senior District Judge for the Northern District of Illinois, is sitting by designation.

In February of 1984 a competitor of Porky's got the FBI to initiate an investigation into Porky's practices. Before the investigation reached the stage of seeking indictments a story appeared in a local paper exposing the investigation. The investigation was then closed. However, two agents went to Porky's on April 3, 1984 and informed Cross that he should curtail the sale and rental of unauthorized copies. The agents also informed Cross of how he could attempt to identify illegal videocassettes by making a physical examination of the videocassettes.

After the FBI visit Cross and Denney removed Porky's inventory of unauthorized videocassettes from the store's shelves. The videocassettes were initially stored at another location. The videocassettes were subsequently brought back onto the store's premises.

In August and September of 1984 the FBI received new complaints about Porky's. An undercover investigation was initiated. As part of the investigation an agent was placed in the store as a part-time employee. On or about October 25, 1984 Fleek demonstrated to the agent how to remove labels from original videocassettes so that they could be transferred to unauthorized copies.

During the investigation agents rented seventy-eight videocassettes. A physical examination of the videocassettes indicated that there was a high degree of probability that ten of the videocassettes were unauthorized copies. In an affidavit made for the purpose of having a search warrant issued, agent Hoener testified that he had "determined" that certain videocassettes that he had examined were unauthorized, illegal and counterfeit copies. Hoener's affidavit also stated the criteria he used in reaching his determinations.

A warrant was issued and a search of Porky's was made on December 13, 1984. The agents seized one-hundred and sixteen videocassettes. After these videocassettes were electronically tested, twenty-eight were determined to be copies. Prior to the search the agents had not subjected any of the tapes to electronic testing.

After studying the submissions of all of the parties, we have decided to address the issues in the following manner: I) those issues relating to the sufficiency of the evidence; II) other evidentiary issues; and III) those issues relating to jury instructions.

## I

### Issues Relating to Sufficiency of the Evidence

In evaluating a claim of insufficiency of the evidence in a criminal case, this court must view the evidence in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Our task is to determine "whether the record contains sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *United States v. Jones, Young and Humphrey*, 808 F.2d 561, 569 (7th Cir.1986). Only if no rational trier of fact could have found the defendants guilty beyond a reasonable doubt is reversal proper. *Id. citing United States v. Allen*, 797 F.2d 1395, 1398 (7th Cir.1986).

### A. Willful Conduct by Denney

Denney argues that there was insufficient evidence on which the jury could have found that he had acted willfully. The jury was instructed that "(t)he work 'willfully' as used in the statute means the act was committed by a defendant voluntarily, with knowledge that it was prohibited by law, and with the purpose of violating the law, and not by mistake, accident or in good faith."

Denney testified that after the agents spoke with Cross and informed him that the sale and rental of unauthorized copies was illegal, he made every effort to remove all illegal copies from the store. The evidence also showed that illegal copies were present on the premises and held out for sale and rental after the agents' visit with Cross on April 3, 1984. The jury's finding that Denney knowingly and voluntarily violated the copyright laws is supported by the evidence in the record. The fact that

the jury did not find Denney's testimony that he attempted to keep Porky's inventory clear of illegal videocassettes to be credible shall not be disturbed by this court on review.

## B. Willful Conduct for Commercial Advantage or Private Financial Gain

■ Fleek argues that there was insufficient evidence that she realized either a commercial advantage or private financial gain from the alleged conspiracy. The basis of Fleek's contention is that she was only an employee of Porky's rather than an owner. This argument is without merit.

■ A conviction under 17 U.S.C. § 506(a) does not require that a defendant actually realize either a commercial advantage or private financial gain. It is only necessary that the activity be for the purpose of financial gain or benefit. *See United States v. Moore*, 604 F.2d 1228, 1235 (9th Cir.1979). There is sufficient evidence in the record to support the jury's finding that Fleek willfully participated in the conspiracy.

## C. Count II

■ Each of the three appellants argues that the evidence at trial was insufficient to convict him or her of felony criminal infringement of a copyright. 18 U.S.C. § 2319(b)(2)(B). In support of their contention the appellants argue that the government, at most, proved beyond a reasonable doubt the rental of six second-generation videocassettes within the one-hundred-and-eighty day period covered by the indictment.

The government introduced into evidence eleven second-generation videocassettes which were allegedly rented during the period covered by the indictment. In five instances the control numbers on the rental invoices, the videocassette and the storage container all match. In four instances the control numbers on the rental invoice and the storage container match, but the control number on the videocassette does not. In one instance the control number on the

rental invoice does not match the control numbers on the storage container and the videocassette. The appellants do not attack or address the sufficiency of the eleventh rental.

After reviewing the evidence in the light most favorable to the prosecution, as we must, *Jackson, supra,* the government has unquestionably proved beyond a reasonable doubt the rental of six second-generation videocassettes within the period covered by the indictment.[1] However, our review of the record finds no direct evidence that any of the remaining five videocassettes were rented during the period covered in Count II of the indictment. Nor, in light of all of the evidence, could this rationally be inferred beyond a reasonable doubt. Therefore, the appellants' felony convictions are vacated and on remand the district court is ordered to resentence the appellants based on misdemeanor violations in accordance with this opinion.

## D. Count I

■ Each of the three appellants also argues that the evidence at trial was insufficient to convict him or her of conspiracy to commit criminal infringement of a copyright. The appellants argue that the government did not prove beyond a reasonable doubt that the seventeen second-generation videocassettes charged in Count I were part of a conspiracy as defined in 18 U.S.C. § 371 to infringe on copyrights for "commercial advantage or private financial gain." *See* 17 U.S.C. § 506(a).

Reviewing the evidence in the light most favorable to the prosecution, *Jackson, supra,* we find that the presence of these seventeen second-generation videocassettes on Porky's business premises may rationally give rise to the inference that they were maintained for commercial advantage or private financial gain. This inference is strengthened by Denney's own testimony that the selling and renting of unauthorized copies gave Porky's a commercial advantage. Tr. VII, pp. 29–30.

1. The rental of six infringing videocassettes within the one-hundred-eighty-day period charged in the indictment constitutes a misdemeanor violation. *See* 18 U.S.C. § 2319(b)(3).

Combining this rational inference with the overwhelming evidence of a conspiracy to criminally infringe a copyright, we find that there was sufficient evidence to support a finding of guilt beyond a reasonable doubt. However, because there was insufficient evidence on which to convict the appellants of felony criminal copyright infringement (Count II), the sentences imposed on the convictions on Count I are vacated. On remand, the district court is instructed to resentence the appellants pursuant to the second paragraph of 18 U.S.C. § 371.

## II

## Other Evidentiary Issues

### A. Admission of Co-conspirator's Statements

Each of the three appellants argues that the trial court erred in admitting hearsay statements of co-defendants that implicated him or her in the conspiracy. There is no merit to this contention. "[W]here 'it is more likely than not that the declarant and the defendant were members of a conspiracy when the ... statement was made and that the statement was made and that the statement was in furtherance of the conspiracy,'" then a co-conspirator's statement is admissible. *United States v. Doyle*, 771 F.2d 250, 255 (7th Cir.1985), *citing United States v. Santiago*, 582 F.2d 1128, 1134 (7th Cir.1978).

■ The appellants contend that there was insufficient nonhearsay evidence of the alleged conspiracy to make the co-conspirators' statements admissible. Neither Cross nor Denney may sustain this argument as to statements made by Fleek. Fleek was an employee of Cross' and Denney's at Porky's, "and a 'statement by [their] agent or servant concerning a matter within the scope of his agency or employment' is admissible without regard to the existence of a conspiracy." *United States v. Ramsey*, 785 F.2d 184, 191 (7th Cir.1986), *quoting* Fed.R.Evid. 801(d)(2)(D).

■ There was substantial evidence that the appellants were involved in a conspiracy. Cross and Denney were co-owners of Porky's and Fleek was the chief clerk as well as Cross' girlfriend. Cross supplied Porky's original inventory with numerous second-generation videocassettes. Although subsequently removed from Porky's, these second-generation videocassettes were later returned to the business premises. Fleek demonstrated to an undercover agent how to remove labels from original videocassettes. The trial court was entitled to find that there was a conspiracy and that all three of the appellants belonged to it.

### B. Motion to Suppress

■ The appellants also argue that the trial court erred in denying their motion to suppress the evidence seized at Porky's. The appellants contend that the search warrant was constitutionally invalid because it was issued based on a knowingly or recklessly made false statement in Agent Hoener's affidavit. We find this argument to be without merit.

In his affidavit Hoener testified that certain videocassettes from Porky's had been determined to be illegal copies. The appellants take issue with Hoener's use of the word "determination." Appellants contend that Hoener's determination was insufficient because it was based only on a physical or cosmetic inspection of the videocassettes rather than on an electronic analysis of the tape inside of each of the videocassettes. Although an electronic analysis may provide a more certain determination of illegal copying than a physical inspection of the videocassettes, this does not mean that Hoener's determination is insufficient for purposes of establishing probable cause. "'Probable cause denotes more than a mere suspicion, but does not require certainty.'" *United States v. Ellery*, 678 F.2d 674, 677 (7th Cir.1982), *quoting United States v. Anton*, 633 F.2d 1252, 1254 (7th Cir.1980).

Hoener's affidavit set forth several physical criteria which tend to indicate whether a videocassette is a copy. The affidavit presents more than a mere suspicion that illegal videocassettes were on Porky's

premises. Therefore, we find that the magistrate properly found that there was probable cause to issue the warrant. Accordingly, the trial court's denial of the appellants' motion to suppress is affirmed.

## III

### Jury Instructions

#### A. Jury Instruction No. 9

■ The appellants argue that the trial court erred in giving instruction no. 9 to the jury.[2] The appellants' specific complaint is that the instruction is an amalgamation of both the criminal definition of copyright infringement (which the appellants do not object to) and civil definitions of copyright infringements (which the appellants do object to) and that the element of willfulness was not excluded.

The inclusion of the civil definitions was not error. In order to understand the meaning of criminal copyright infringement it is necessary to resort to the civil law of copyright. *See United States v. Wise*, 550 F.2d 1180, 1185–86 (9th Cir.1977) (upholding the predecessor statute to 17 U.S.C. § 506(a)).

Nor did the trial court err in refusing to include the definition of willfulness in instruction no. 9. In fact, the trial court did instruct the jury, separately, as to the meaning of willfulness as used in 17 U.S.C. § 506(a).

#### B. Tendered Instruction No. 2

■ Appellants Denney and Fleek argue that the trial court erred in refusing to give Denney's tendered instruction no. 2 to the jury.[3] This instruction was intended to inform the jury that a defendant could not be found criminally liable merely because he was an officer or owner of Porky's.

The trial court did not err in refusing to give this instruction. The trial court found that Porky's was in the nature of a closed corporation and gave Federal Criminal Jury Instructions of the Seventh Circuit, Nos. 5.05, 5.06, 5.07 and 5.08. These instructions deal with the criminal liability of a member of a joint venture. Instruction no. 5.06 specifically requires that the jury "must give separate considerations to each individual defendant." Thus, Denney's concern that without his tendered instruction the jury would treat all three of the defendants as a single entity, Porky's, is unfounded.

### Summary

In summation, we find that the trial court did not err in admitting the hearsay statements of the co-conspirators, in denying the appellants' motion to suppress, in giving jury instruction no. 9, or in refusing to give tendered instruction no. 2. We also find that there was sufficient evidence in the record from which a reasonable trier of fact could find beyond a reasonable doubt that Denney acted willfully and that Fleek acted for purposes of commercial advantage or private financial gain. Finally, the appellants' felony convictions and the sentences imposed on the basis of those felony

2. Instruction no. 9 stated:
  You are instructed that at all times relevant to this case there was in full force and effect a statute of the United States, Title 17, United States Code, Section 506(a), which provides that:
  Any person who infringes a copyright willfully and for the purposes of commercial advantage or private financial gain shall be punished as provided in Section 2319 of Title 18.
  Definitions are set forth elsewhere in Title 17 as follows:
  Anyone who violates any of the exclusive rights of the copyright owner is an infringer of the copyright.
  and
  The owner of a copyright under this title, and this is Title 17, has the exclusive rights to dis-tribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending.
  The foregoing statute, therefore, prohibits the acts charged in the indictment.
  Tr. Vol. VIII, p. 15.

3. Denney's tendered instruction no. 2 provided
  A person is responsible for conduct which he performs or causes to be performed in behalf of a corporation to the same extent as though the conduct were performed in his own behalf. However, a person is not responsible for the conduct of others merely because that person is an officer, employee, or other agent of a corporation.
  R., p. 94.

convictions on Counts I and II are vacated and the district court is instructed to reduce such convictions to misdemeanors and impose punishment accordingly.